**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1897
_____

WILLIAM H. ANDERSON,

Appellant

v.

STEP BY STEP, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-04260)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 28, 2023

Before: MATEY, FREEMAN, and FUENTES, *Circuit Judges*

(Opinion filed: April 26, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FREEMAN, *Circuit Judge*.

William Anderson appeals from the District Court's entry of summary judgment for Defendant Step By Step, Inc. ("SxS") on Anderson's employment discrimination claim. For the reasons set forth below, we will affirm.

## I.

Anderson was born in Liberia and has since become a naturalized United States citizen. From November 2002 to December 2019, he worked for SxS, a company that provides support services to persons with disabilities. Anderson provided supportive care for "D.C.," who lived in a residence for persons with special needs. D.C.'s Individual Support Plan ("ISP") required that he be supported by a dedicated staff member at all hours of the day, and that during the overnight hours a staff member check on him every thirty minutes for health and safety reasons.

On October 29, 2019, Anderson was working the overnight shift with Priscilla Soko, another Liberian-born employee. Around 5:00 a.m., Anderson noticed bruising on D.C.'s face and hand. He reported the incident to his supervisor and sent her pictures of D.C.'s injuries. Pursuant to SxS's policies, the incident was assigned to a certified investigator who interviewed Anderson and Soko the next day. According to the investigator's interview notes and report, both Anderson and Soko stated that they had checked on D.C. every one to two hours during the night of the incident. Because D.C.'s ISP required that he be checked on every thirty minutes, the investigator concluded in her report that Anderson and Soko were at fault for D.C.'s injuries. Shortly after issuance of the report, SxS terminated Anderson's and Soko's employment.

Anderson filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, claiming that he was terminated because of national origin discrimination. The District Court ordered all fact discovery to be completed within 120 days of its pretrial scheduling conference. Both parties waited until eleven days before the close of the discovery period to issue their first discovery requests. Three days later, the parties jointly requested an extension of the discovery deadline. The Court denied the request because the parties had not complied with its earlier direction to commence discovery immediately. SxS managed to complete discovery by the deadline, but Anderson did not. After the discovery deadline passed, Anderson asked the Court to compel SxS to produce documents and witnesses for depositions. The Court held a conference with the parties and denied the requested relief.

Meanwhile, in compliance with the District Court's scheduling order, SxS moved for summary judgment two weeks after the discovery period ended. In lieu of a response, Anderson filed a motion under Federal Rule of Civil Procedure 56(d) to defer consideration of SxS's motion for summary judgment and to permit him additional time to take discovery. The Court denied Anderson's Rule 56(d) motion and granted summary judgment for SxS. Anderson timely appealed.

## II.[1]

"[W]e exercise plenary review over a district court's grant of summary judgment." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 665 (3d Cir. 2016). Summary judgment

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

3

is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine factual dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We review a district court's denial of a request for additional discovery under Federal Rule of Civil Procedure 56(d) for abuse of discretion. *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 309–10 (3d Cir. 2011).

## III.

At the summary judgment stage, Anderson's claim of national origin discrimination is governed by the burden-shifting framework the Supreme Court articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999). Under that framework, the plaintiff must first establish a prima facie case of discrimination. If the plaintiff succeeds at the first step, the burden of production shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Id*. "The employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). If the defendant carries its burden at the second step, the plaintiff then must prove by a

preponderance of the evidence that the defendant's proffered legitimate reason was a pretext for discrimination. *Id.*[2]

Here, SxS moved for summary judgment based on an asserted legitimate, nondiscriminatory reason for terminating Anderson's employment. It pointed to evidence in the record that: Anderson admitted to SxS's investigator that on the night of D.C.'s injury he had checked on D.C. every one to two hours; the investigator concluded that Anderson was negligent in failing to check on D.C. every thirty minutes as required by his ISP; D.C.'s injuries resulted from neglect and lack of supervision; and SxS terminated Anderson's employment based on the investigator's report.

Anderson did not file a response to the merits of SxS's summary judgment motion, so he failed to meet his burden to show that SxS's proffered reason for terminating his employment was pretextual. Similarly, on appeal Anderson points to nothing in the record casting doubt on SxS's assertion that it terminated his employment because his negligence led to D.C.'s injuries. Instead, he makes four arguments that SxS failed to meet its burden of production at *McDonnell Douglas*'s second step. At best, these arguments reflect a misunderstanding of the *McDonnell Douglas* framework and basic summary judgment principles.

First, Anderson argues that SxS did not "discredit[] Anderson's factual averments as objectively untrue." Appellant Br. at 10. But Anderson cannot rely on factual allegations to withstand summary judgment, and this argument has no bearing on SxS's

---

[2] Like the District Court, we assume, without deciding, that Anderson met his initial burden of establishing a prima facie case of discrimination.

burden of production—a burden that it plainly met. Second, he argues that the District Court improperly relied on the SxS investigator's report, which he contends is inadmissible hearsay. But SxS produced the report (along with numerous additional documents) to meet its burden of production at *McDonnell Douglas*'s second step—not to establish the truth of the statements therein—and the District Court properly relied on the report for that purpose. Third, Anderson argues that even if he had failed to check on D.C. every thirty minutes as required, that would not have qualified as abuse or neglect as defined in SxS's policy documents; and, fourth, he argues that Soko's termination supports his claim of national origin discrimination. These arguments have no bearing on whether SxS produced evidence that, taken as true, support a nondiscriminatory reason for Anderson's termination. The District Court properly granted summary judgment for SxS.

Where Anderson failed to diligently seek discovery in the time afforded for that purpose, the District Court did not abuse its discretion in denying Anderson's Rule 56(d) motion. *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986).

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.